■ CAROLE CROSBY, Respondent, v BLANCE WINESKI, Appellant.—In an action to recover damages for personal injuries sustained by plaintiff due to the alleged negligence of defendant in the control of her dog, defendant appeals from an order of the Supreme Court, Kings County, dated November 5, 1977, which denied her motion for a change of venue from Kings County to Richmond County. Order reversed, with $50 costs and disbursements, and motion granted. Plaintiff was bitten by defendant's dog near the latter's then residence in Staten Island. Although the record is clear that at the time of the occurrence plaintiff was a resident of Kings County, her own affidavit establishes that prior to the commencement of this action she moved to Staten Island and took up residence there. Since plaintiff did not reside in Kings County when the action was commenced, venue was improperly laid in that county and the motion to change the place of trial should have been granted (see CPLR 503, subd [a]). Hopkins, J. P., Titone, O'Connor and Cohalan, JJ., concur.

■ LEAFORD K. DANIELS, Respondent, v LOUISE P. DANIELS, Appellant.— In an action in which the plaintiff was granted a judgment of divorce, defendant appeals from an order of the Supreme Court, Queens County, dated December 8, 1977, which granted plaintiff's motion to delete the child support provision thereof. Order reversed, without costs or disbursements, and matter remanded to Special Term for a hearing on the question of the service of the order to show cause by which this motion was initiated. Although we are reversing the order under review because the defendant has raised the procedural questions of improper service and the lack of jurisdiction of Special Term to act without a hearing first being held with respect thereto, there would seem to be no substance to the defendant's position on the merits since the child of the marriage is now emancipated. O'Connor, J. P., Shapiro, Cohalan and Margett, JJ., concur.